UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
*www.flsb.uscourts.gov*

In re:

MARIO SANTALO,  Case No. 15-20825-AJC
a/k/a Mario D. Santalo,  Chapter 7
and MARIA SANTALO,
a/k/a Maria D. Santalo;
Maria Torres De Santalo

    Debtor.
_____/

### TRUSTEE'S NOTICE OF RULE 2004 EXAMINATION
### *DUCES TECUM* OF JOINT DEBTOR, MARIA SANTALO

    **Marcia T. Dunn** as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of the **Mario Santalo a/k/a Mario D. Santalo and Maria Santalo a/k/a Maria D. Santalo; Maria Torres De Santalo** (the "Debtor"), by and through her undersigned counsel, pursuant to Fed.R.Bankr.P. 2004 and Local Rule 2004-1, will examine the Joint Debtor (also referred to as the "Examinee"), under oath on **October 23, 2015, at 11:00 A.M.** at the offices of **Dunn Law P.A., 555 N.E. 15th Street, Suite 934-A, Miami, Florida 33132.**

    The examination was scheduled with Debtors' counsel, and may continue from day to day until completed. If the Examinee receives this notice less than seven (7) days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable date and time.

    The examination is being conducted pursuant to Fed.R.Bankr.P. 2004 and Local Rule 2004-1, and will be taken before an officer authorized to stenographically record the testimony. The scope of the examination shall be as described in Fed.R.Bankr.P. 2004. Pursuant to Local Rule 2004-1, no order or subpoena shall be necessary, and to the extent that a request for production of documents under this rule may be construed as a request under Bankruptcy Rule 7034, the time to respond is shortened to 14 days.

    If the Debtors require language interpretation at the examination, arrangements must be made directly and in advance of the scheduled examination, at the Debtors' expense.

1

The Examinee is further requested to produce all of the documents described on the attached **Exhibit "A"** no later than **October 16, 2015,** to the offices of **Dunn Law, P.A., 555 N.E. 15th Street, Suite 934-A, Miami, FL 33132.**

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail on the 23rd day of September, 2015, upon the Debtors and scheduled secured creditors:

**Mario and Maria Santalo, Debtors**
1635 W 44th Place #308
Hialeah, FL  33012-7414

**Chase**
Po Box 24696
Columbus, OH 43224

**Royal Holiday**
POB 29352
Phoenix, AZ 85038-9352

**The Treasury Condominium Association**
1635 W 44th Place, Suite 101
Hialeah, FL 33012

I CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) on the 23rd day of September, 2015, upon all registered users in this case, including:

- **Marcia T. Dunn, Trustee**     mdunn@dunnlawpa.com
- **Robert Sanchez, Esq.**        Court@bankruptcyclinic.com
- **Office of the U.S. Trustee**  USTPRegion21.MM.ECF@usdoj.gov

                                        DUNN LAW, P.A.
                                        *Attorneys for Marcia T. Dunn, Trustee*
                                        555 Northeast 15th Street, Suite 934-A
                                        Miami, Florida  33132-1451
                                        TEL:  786-433-3866
                                        FAX:  786-260-0269
                                        eMAIL:*Michael.Dunn@dunnlawpa.com*

                                        By:     */s/ Michael P. Dunn, Esq.*
                                                Michael P. Dunn, Esq.
                                                Florida Bar No. 100705

Copy:  Ouellette & Mauldin Court Reporter

Case No. 15-20825-AJC

**EXHIBIT "A"**

**I.  DEFINITIONS AND INSTRUCTIONS**

Unless the context of a specific request requires otherwise, the following definitions and instructions shall apply to these requests:

1. "And" and "Or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.

2. Where the word "any" is used in a request, it includes all documents so described.

3. "Communication" means all written or oral communications however informal, including without limitation to the foregoing, correspondence, memoranda, notes, telegraphs, telephone conversations, negotiations, meetings or other oral communications, which are in any manner evidenced by, or referred to in a document, whether prepared in anticipation of, during, or subsequent to such communications.

4. "Creditor" shall mean any person or entity to whom the Debtor owes money or is due performance of any other contractual obligation.

5. "Debtor", "Examinee", "You" and "Your" shall mean either **Mario Santalo, a/k/a Mario D. Santalo, or Maria Santalo, a/k/a Maria D. Santalo; Maria De Torres De Santalo**.

6. "Describe," "discuss," "analyze," "describing," "discussion," or "analyzing," mean any document that, in whole or in part, characterizes, delineates, explicates, deliberates, evaluates, appraises, assesses or provides a general explanation of the specified subject.

7. "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information

Case No. 15-20825-AJC

can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all other papers similar to any of the foregoing.  Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

8. "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or non-for-profit, or partially or fully government owned or controlled.

**9.** "Petition Date" shall mean **June 15, 2015.**

10. "Relate to" and "relating to" mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, documents that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

11. "Year" means calendar year unless otherwise specified.

12. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

13. Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

## II.  INSTRUCTIONS

1. With respect to this request for documents, the following instructions shall apply:

(1) This request for documents is continuing and Examinee is requested to supplement its responses hereto.

(2) Examinee is hereby notified that its duty to respond includes the duty to supply all documents and materials in Examinee's physical possession, as well as those which can be obtained from additional sources, pursuant to Rule 7036 of the Federal Rules of Bankruptcy Procedure.

(3) In the event that any document called for by a request is withheld on the basis of claim of privilege, please identify that document by stating: (a) any addressor or addressee; (b) matter, number of pages, and attachments or appendices; (c) all persons to whom the document was distributed, shown or explained: (d) its present custodian; and (e) the nature of the privilege asserted.

(4) In the event that any document requested herein is not presently in your possession or subject to your control, please identify each person you have reason to believe had or has knowledge of its contents.

(5) In the event that any document called for by a request has been destroyed or discarded, please identify that document by stating: (a) any address or any addressee; (b) any indicated or blind copies; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the document was distributed, shown or explained; (e) its date and destruction or discard, manner of destruction or discard, and reason for destruction or discard; and (f) the persons authorizing or carrying out such destruction or discard.

(6) In producing documents requested herein, you shall produce documents in full, without abridgment, abbreviation, and expurgation of any sort.

Case No. 15-20825-AJC

(7) All documents shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein, and produced pursuant to the provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016.

### III.     DOCUMENTS TO BE PRODUCED

1. Provide copies of closing statements, deeds, mortgage or loan applications, mortgage or promissory notes, and proof of ownership for the **real property** listed under Debtor's **Schedule A**:

   a. 1635 W 44th place #308, Hialeah, FL 33012-7414

2. Provide copies of closing statements, deeds, mortgage or loan applications, mortgage or promissory notes, and proof of ownership for all **real property** not listed under Debtor's **Schedule A** in the Debtor's possession, custody or control for the 48 months prior to the Petition Date.

3. Provide all documentation relating to the **Royal Holiday Club Plan Timeshare, Membership No. 3848**, that is listed under **Schedule A**, including but not limited to purchase documents and payoff documents on financing.

4. Provide a copy of the application and closing statement for any refinancing or loan modifications that took place within the 48 months prior to the Petition Date and a copy of all current mortgage statements showing the outstanding balances for real property detailed in Item 1 and Item 2 above including a full accounting of any proceeds received as a result of the refinancing.

5. Provide a copy of the closing statement for any real property that was sold or transferred by the Debtor within the 48 months prior to the Petition Date including a full accounting of any proceeds received from any transaction.

6. Provide a copy of the homeowner's or renter's insurance policy for all real property under Item 1 and Item 2.

7. Provide a copy of any lease or rental agreement or proof of income derived from all real property under Item 1 and Item 2.

5

Case No. 15-20825-AJC

8. Provide copies of statements and original cancelled checks for all bank accounts from June 1, 2013, through and including June 15, 2015, that are in the name or joint name of the Debtor, or where the Debtor is an authorized signer or an interested party of any kind.

9. Provide copies of statements and original cancelled checks for any and all closed financial accounts from June 1, 2013, through and including June 15, 2015, that are in the name or joint name of the Debtor, or where the Debtor is an authorized signer or an interested party of any kind.

10. Provide support for any and all deposits, withdrawals, and checks that are $500.00 or higher in any bank accounts that are or were in the name or joint name of the Debtor, or where the Debtor is or was an authorized signer or an interested party of any kind, for the period from June 1, 2013, through and including June 15, 2015.

11. Provide any and all documentation relating to the workers' compensation claim, Case No. 12-026352RLD, including but not limited to:

   a. Documents pertaining to underlying incident;
   b. Receipt of funds in satisfaction of Worker's Compensation claim;
   c. Rehabilitation and medical bills, if any;
   d. Documentation regarding all uses of funds;
   e. Any open and/or pending litigation;
   f. Documentation regarding source of funds and payment received;
   g. Any and all bank account statements that any recovery had been deposited from June 1, 2013 through and including June 15, 2015.

12. Provide a detailed list and documentation to support the value of $1,030.00 as listed for the "Household Goods and Furnishings" on **Schedule B, Item 4**, including clear photographs of all of these items and their location.

13. Provide a detailed list and documentation to support the value of $120.00 as listed for "Clothing" on **Schedule B, Item 6**, including clear photographs of all of these items.

14. Provide a detailed list and documentation to support the value of $300.00 as listed for "Furs and Jewelry" on **Schedule B, Item 7**, including clear photographs of all these items.

15. For the 48 months prior to the Petition Date, provide documentation supporting the Debtor's ownership interest in or acquisition of all vehicles including those listed under **Schedule B, Item 25** including, but not limited to, registrations, proof of insurance, proof of

purchase, proof of lease, lienholder information, co-owner information, primary driver information, and proof of sale or transfer including consideration, full name and address, date of transfer:

    a.    2002 Mitsubishi Montero Sport (VIN: 6508)

    b.    2006 Chrysler Pacifica (VIN: 3668)

    c.    2000 Nissan Frontier (VIN: 6448)

16.    Provide all documentation relating to the accident involving the 2000 Nissan Frontier (VIN: 6448), including but not limited to:

    a.  Any suits that may have arose from the accident;

    b.  Any and all claims that may be brought from the accident;

    c.  Any and all recovery that arose from the accident.

17.    For the 48 months prior to the Petition Date, provide documentation supporting the Debtor's ownership interest in or acquisition of all vessels and/or watercraft including those listed under **Schedule B, Item 25** including, but not limited to, registrations, proof of insurance, proof of purchase, proof of lease, lienholder information, co-owner information, primary driver information, and proof of sale or transfer including consideration, full name and address, date of transfer.

18.    Provide a full accounting of all cash advances taken from any credit card or line of credit as listed on **Schedule F** including a detailed description of what the money was used for.

19.    Provide copies of the receipts or detailed statements for all purchases made within the last five (5) years from the creditors as listed on **Schedule F**.

20.    Provide copies of any and all **applications (for credit)** that were submitted to any party by the Debtor for the 48 months prior to the Petition Date.

21.    Documentation regarding any and all **transfers** of money, property, loans, investments, gifts over $500, for the forty-eight (48) months up to and including the Petition Date.

22.    Documentation regarding any and all joint debt of any kind.

23.    Provide a copy of a recent credit report for the Debtor.

Case No. 15-20825-AJC

24. Provide signed copies of your **Personal Income Tax Returns** for 2012, 2013 and 2014 as submitted to the IRS including supporting documents used to prepare these returns (i.e., Forms W-2, 1099, 1098, K-1, etc.).

25. Provide documentation regarding any and all transfers of money, property, loans, investment, gifts over $500, for the forty-eight (48) months up to and including the Petition Date, or any other support given by You to your daughter, including but not limited to title, registration and insurance for the 2006 Chrysler Pacifica (VIN: 3668).

26. Provide documents detailing any and all equitable or future interests, life estates, and rights or powers exercisable for the benefit of the Debtor.

27. Provide documents detailing any and all life insurance policies and/or annuities in the name of or for the benefit of the Debtor and/or Debtor's estate.

28. Any and all documentation regarding Self-Employed Maintenance business as per **Schedule I** and tax return.

29. Provide copies of corporate information within six (6) years immediately preceding the Petition Date including, but not limited to, formation documents, dissolution documents, transfer documents, stock certificates, names of current officers and directors, names of previous officers and directors, business licenses, payroll records, payroll tax returns, business tax returns, profit and loss statements, general ledgers, accounts receivable, inventory and assets, accounts payable, bank statements, websites, and credit card or merchant account statements, including virtual accounts such as PayPal and Western Union, for Self-Employed business listed under **Schedule I**.

30. Provide copies of any and all documentation that would support and/or establish the value of the entities listed under Item 29.

31. Provide a detailed list of all real property, equipment, machinery or inventory held by the Debtor including the location of the property with respect to the entities listed under Item 29.

32. Provide copies of financing statements, factoring agreements, financing agreements, partnership agreements, contracts, leases including storage unit or warehouse leases, and financial statements for the entities listed under Item 29.

33. Provide copies of documents regarding business ventures or assets held with any individuals within six (6) years immediately preceding the Petition Date.